## THE KENILWORTH.

(District Court, E. D. Pennsylvania.   June 20, 1905.)

### No. 45.

SEAMEN—INJURY IN SERVICE—LIABILITY OF SHIP FOR MAINTENANCE.

A vessel cannot be held liable for the maintenance of an injured seaman beyond the term of the voyage, and after the ordinary medical and surgical resources for his cure have been exhausted.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Seamen, §§ 39–43, 187.]

In Admiralty.   Suit by seaman against vessel.   See 137 Fed. 1003.

Joseph Hill Brinton, for libelant.
Henry R. Edmunds, for respondent.

J. B. McPHERSON, District Judge.   In accordance with the permission recently given, some further testimony has been taken by the libelant, but I do not think the situation has been materially changed thereby.   It still appears that when the libelant left the hospital at Baltimore he was practically as well as he is now, or is ever likely to be; the ordinary medical and surgical means could do nothing more for him.   I see no sufficient ground, therefore, upon which to rest the award for which he asks.   Some of the decisions hold that the ship's liability for maintenance and wages in case of a seaman's injury or illness ceases with the voyage; others intimate that under exceptional circumstances the liability might continue, at least for a reasonable time, after the voyage had been completed. A full discussion of the subject will be found in The City of Alexandria (D. C.) 17 Fed. 390.   Either test is a bar to the present claim against the ship.   His board has been paid by the Seaman's Union, not by himself, and the same organization has also paid $50 for a surgeon's opinion, obtained in January, 1905, to the effect that the leg could not be broken again and reset so as to make a perfect cure. Neither sum appears to be an obligation which the libelant is bound to meet.   The union called in the surgeon and was obliged to pay him, and the money paid out for board is not regarded as a debt due by the libelant.   The agent of the union testified:

"Q. Is the money that you have paid out for Krelly a gift?
"A. No, sir.
"Q. What is the regulation as to that?
"A. The money is advanced, with the expectation that any time he is able to he will pay it back to the organization.
"By Mr. Edmunds:   Q. And if he is not able to pay it back, you don't expect him to pay it back?
"A. Oh, no; of course you can't get it.
"Q. Then you don't expect it?
"A. No."

But entirely aside from this, and without laying stress upon the charitable nature of the aid that has thus been given him, these expenditures were all made after the libelant's return to Philadelphia,

in 1904, when the ordinary medical and surgical resources had been exhausted. The equitable claim of the union for reimbursement cannot rise higher than the libelant's own right.

A decree may be entered dismissing the libel, but without costs.